**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. 06-0862-CV-W-FJG |
| UNITED STATES CURRENCY IN ) | |
| THE AMOUNT OF $15,426.00, ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is the United States' Motion Pursuant to Fed. R. Civ. P. Rule G(8)(c) to Strike the Claim of Clinton Adams, Jr. (Doc. No. 34).

**I.    Background**

On December 16, 2004, the Kansas City, Missouri Police Department (KCPD) seized $15,426.00 in United States currency from the home of Christopher Blake. On December 30, 2004, the State of Missouri initiated forfeiture proceedings pursuant to Missouri's Criminal Activity Forfeiture Act (CAFA), RSMo. § 513.600. Mr. Blake was represented by Clinton Adams, Jr. in the state court proceedings.

On May 30, 2006, the Circuit Court of Jackson County, Missouri, issued an order dismissing the state forfeiture proceeding. The order directed the State of Missouri and the KCPD to release the $15,426.00 to counsel for defendant "for return to the Defendant." See Ex. 1 to Doc. No. 8.

On June 6, 2006, the Drug Enforcement Agency (DEA) seized pursuant to a federal seizure warrant the $15,426.00 from the custody of the KCPD. Subsequently, an administrative federal forfeiture proceeding was commenced. On August 23, 2006, both Blake and Adams filed claims in that proceeding. Consequently, on October 19, 2006, the

United States filed a Complaint for Forfeiture *In Rem* in the United States District Court for the Western District of Missouri.

On March 8, 2007, Adams filed a claim in the civil forfeiture case. As grounds for his claim, Adams stated: "I am the owner of 50% of the seized money/cashiers check pursuant to a judgment of the Jackson County Circuit Court in State of Missouri v. Christopher Blake, et al., Case No. 04CV23895, a copy of which is attached." See Doc. No. 8.

## II. Standard

The United States moves to strike Adams' claim for lack of standing. "Article III standing is a threshold issue in every federal court case." United States v. One Lincoln Navigator, 328 F.3d 1011, 1013 (8th Cir. 2003). The claimant's burden is not rigorous: "To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property." Id. (citations omitted). Ownership interests are defined by the law of the State in which the interest arose. Id. Nonetheless, a claimant's assertion that he has an ownership interest in currency seized from a third party will not establish standing unless it is supported by evidence of actual possession, control, title or financial stake in the currency. United States v. $29,550 in U.S. Currency, 2006 WL 148992, at *3 (W.D. Mo. 2006); United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir. 2000). An unsupported assertion of ownership is insufficient to establish standing. Kadonsky v. United States, 216 F.3d 499, 508 (5th Cir. 2000); United States v. $244,320.00 in U.S. Currency, 295 F.Supp.2d 1050, 1060 (S.D. Iowa, 2003).

## III. Analysis

2

In this matter, attorney Adams alleges he is a 50% owner in the defendant $15,426.00. However, he states that his ownership interest is established by the judgment of the Jackson County Circuit Court, attached as an exhibit to his claim (Doc. No. 8). As discussed by the United States, the state court order does not grant attorney Adams an interest in the currency; instead, it merely dismisses the state court forfeiture proceedings and directs that the money be returned to Adams (as counsel for defendant), for return to Mr. Blake.

The United States further argues that to the extent attorney Adams claims that Blake owes him for legal services (even though this is not articulated in Adams' Claim, Doc. No. 8), such an allegation does not confer standing, as a general creditor of a defendant is not considered an owner or lienholder of property subject to forfeiture. See United States v. One-Sixth Share, 326 F.3d 36, 44 (1st Cir. 2003); United States v. Cambio Exacto, S.A., 166 F.3d 522, 529 (2d Cir. 1999); United States v. Carrell, 252 F.3d 1193, 1207 n.15 (11th Cir. 2001); United States v. $20,193.39 in U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994).

Attorney Adams responds that he does not have to prove that he owns the property before he is entitled to a trial on the merits. Adams states that he has clearly demonstrated a colorable ownership interest in the property, as pursuant to an attorney-client agreement, he acquired a 50% ownership interest in the currency. Adams states that the state court ordered the KCMOPD to release the seized funds to Adams, and states that the cashier's check seized by the United States was made payable to Christopher Blake and Clinton Adams, Jr., his attorney. Adams does not provide evidence regarding the attorney-client agreement, nor does he provide evidence as to the alleged cashier's check.

In its reply suggestions, the United States notes: (1) Adams' Claim (Doc. No. 8) did

3

not mention any fee agreement with Blake, and instead is based solely on the judgment of the Jackson County Circuit Court; (2) the Jackson County Circuit Court judgment does not mention or incorporate any fee agreement between Blake and Adams; (3) the first time Adams mentioned the fee agreement in this litigation is in his suggestions in opposition to the motion to strike, and even then Adams has not provided any evidence of the agreement to the Court; and (4) absent any evidence that Adams has perfected his alleged interest in the $15,426, Adams should be considered a general creditor, which is not sufficient to confer standing.

Adams filed a sur-reply on June 19, 2008 (Doc. No. 45). In his sur-reply, Adams states that, at this stage of the proceedings, he should not have to demonstrate a perfected interest in the property; instead, all he needs to demonstrate is a colorable interest redressable at least in part by a return of the property. United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002). Adams further argues that evidence of the attorney-client agreement need not be produced at this stage of the proceedings.

The Court finds that Adams has not established Article III standing in this instance. As discussed above, a claimant's assertion that he has an ownership interest in currency seized from a third party will not establish standing unless it is supported by evidence of actual possession, control, title or financial stake in the currency. United States v. $29,550 in U.S. Currency, 2006 WL 148992, at *3 (W.D. Mo. 2006); United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir. 2000). An unsupported assertion of ownership is insufficient to establish standing. Kadonsky v. United States, 216 F.3d 499, 508 (5th Cir. 2000); United States v. $244,320.00 in U.S. Currency, 295 F.Supp.2d 1050, 1060 (S.D. Iowa, 2003). In the present matter, the evidence presented does not demonstrate an

4

attorney-client agreement upon which an attorney fee lien has been established.  Instead, the order referenced in Adams' Claim only provides that the $15,426 be given to Adams for return to his client, Mr. Blake.  The Jackson County Circuit Court order, standing on its own, does not establish evidence of Adams' actual possession, control, or financial stake in the currency.  It does not provide any evidence as to any fee agreement or arrangements between Adams and Blake.  Adams' Claim (Doc. No. 8), his suggestions in opposition (Doc. No. 38) and sur-reply (Doc. No. 45) merely provide unsupported assertions of ownership, which are insufficient under the law.

Accordingly, the United States' Motion Pursuant to Fed. R. Civ. P. Rule G(8)(c) to Strike the Claim of Clinton Adams, Jr. (Doc. No. 34) will be **GRANTED**.  Adams' Claim (Doc. No. 8) will be **DISMISSED** for lack of standing.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  7/22/08
Kansas City, Missouri